E. E. ANDERSON *v.* LAW UNION AND ROCK INSURANCE CO., LTD.

(No. 7285)

Submitted October 11, 1932. Decided October 18, 1932.

*Sanders, Crockett, Fox & Sanders,* for plaintiff in error.

*W. Cody Fletcher, Ajax T. Smith,* and *W. W. Rogers,* for defendant in error.

Woods, Judge:

In this action plaintiff sought to recover the face amount ($1200.00) of a fire insurance policy covering personal property. The company pleaded the general issue, and filed several specifications of defense, including that of arson. Defendant company brings error to a judgment entered on a jury verdict for plaintiff in the amount of $950.00.

It should be stated at the outset that the trial court, at the instance of plaintiff and over the objection of defendant, instructed the jury that the specified defense that the plaintiff caused and procured the burning of the property sued for was not sufficiently supported by evidence to make it a question for them, and that they should not consider it in arriving at a verdict.

Plaintiff, together with his family, lived in the city of Princeton, in a dwelling belonging to the wife and children; the house, at the time of the fire, was advertised for sale under a deed of trust; the husband, some months prior to the fire, had been adjudged a bankrupt, and his property sold to his father in law who returned same to him. The fire occurred around 10:30 o'clock on the evening of April 28, 1931, just four days after the policy declared on herein had been taken out. Plaintiff, a brakeman on the Virginian Railroad, left on the morning of the 28th on a 24-hour run, that being the first trip he had made in thirty days; the wife and children testified that they left the house about 8:25 to attend the

nine o'clock picture show (a mile and a half away), and that the same was not over until 10:30. There is evidence that upon the arrival of the fire truck, the building was burning very fast; that the top of the flue was blown clear away, or had fallen away; that the fireman "could not account for the fact that the bricks were blown all over the back yard"; that the kitchen stove was turned over on one side. Mrs. Anderson could not account for the fire. She stated that there were no explosives in the house, and that she had left only a handful of coals in the stove. One witness for defendant states that he passed Mrs. Anderson in the vicinity of, and going away from, the dwelling, shortly before the alarm was sounded. Several months thereafter, the fire marshal called on Mrs. Anderson (the family then living in Mullens), and inquired as to the whereabouts of her step-son, Alvin Anderson, who had been at the Anderson home for supper on the evening of the fire. Mrs. Anderson informed the Marshal, according to the latter's statement, that she did not know where Alvin was working at the time. It appears, however, that she boarded a train that very evening for Princeton, went from Princeton to Athens, W. Va., and out to the place where Alvin was then working, and had an interview with him. Alvin states that she admonished him to say nothing of her visit. He also testified that the children went to the picture show alone, and that Mrs. Anderson was at the house when he left, which was shortly after supper. Dixie Anderson, wife of Alvin, testified that a few days before the policy was taken out Mrs. Anderson had told her that she thought she would have a new Ford in about two weeks.

The majority of this Court are of opinion that under the foregoing testimony, the defendant was entitled to have the issue of arson submitted to the jury, and that the trial court erred in giving the plaintiff's peremptory instruction in that regard. Inasmuch as the case must be returned for a new trial, for the foregoing reason, a further statement of the evidence is deemed unnecessary.

We perceive no error in the trial court's ruling in regard to plaintiff's instruction No. 8, and defendant's instruction

No. 8. Defendant attacks plaintiff's instruction No. 8, which submitted the question of sole and unconditional ownership of the property to the jury, on the theory that the evidence conclusively established that neither plaintiff nor his wife had title to certain designated items listed in the proof of loss, on the date of the issuance of the policy, or the date of the fire. We do not think, under the circumstances of this particular case, that such position is well taken, since it does not affirmatively appear that the trustee did not purposely disregard certain items of property in his appraisal. We are also of opinion that the facts did not warrant an instruction to the effect that recovery for the loss of the items formerly sold in the bankruptcy proceedings should be limited to the value placed thereon in said bankruptcy proceeding; hence, defendant's instruction No. 8 was properly refused.

*Reversed; verdict set aside; new trial awarded.*

WOODS, JUDGE, dissenting:

I dissent to so much of the foregoing opinion concerning arson as reverses the case.